UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ESTATE OF ANDY CHENG LI and
FEI YING ZHENG,

              Case No. 3:14-cv-391

    Plaintiffs,

              Judge Thomas M. Rose

-v-

TACO BELL OF AMERICA,

    Defendant.

---

**ENTRY AND ORDER GRANTING TACO BELL'S MOTION TO
DISMISS (Doc. #3) WITHOUT PREJUDICE TO THE FILING, WITHIN
THIRTY (30) DAYS, OF AN AMENDED COMPLAINT THAT ALLEGES
CIRCUMSTANCES UNDER WHICH TACO BELL HAD A LEGAL DUTY
TO ANDY CHENG LI**

---

The Complaint in this matter was originally filed in the Court of Common Pleas for

Montgomery County, Ohio. The case was then removed, based upon diversity jurisdiction, to the

United States District Court for the Southern District of Ohio, Eastern Division.[1] (Doc. #1.) It

was subsequently transferred to the United States District Court for the Southern District of

Ohio, Western Division at Dayton because venue is proper here. (Doc. #6.)

The Notice of Removal indicates that this Court has diversity jurisdiction. The Plaintiffs,

according to the Notice of Removal, are citizens of Ohio and the only member of Defendant

Taco Bell of America, LLC ("Taco Bell") is a citizen of North Carolina and Kentucky. The

Plaintiffs have not opposed the removal, and the Court will assume subject matter jurisdiction.

---

[1]The Notice of Removal indicates that the Complaint was to be removed to the United
States District Court for the Southern District of Ohio, Western Division, but the Complaint was
apparently removed to the United States District Court for the Southern District of Ohio, Eastern
Division.

Now before the Court is a Motion To Dismiss (doc. #3) filed by Defendant Taco Bell. This Motion To Dismiss was filed while this case was on the docket of the United States Court for the Southern District of Ohio, Eastern Division. This Motion is now fully briefed and ripe for decision.

Taco Bell seeks to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. More specifically, Taco Bell asserts that the Complaint fails to allege that it owed any duty to Plaintiffs, and, even if it did, such an allegation would be contrary to Ohio law. The Plaintiffs respond that the Complaint's allegations support all of the elements required for a negligence action.

## RELEVANT FACTUAL BACKGROUND[2]

This action concerns an incident that occurred on October 16, 2012, that entailed a motor vehicle hitting and killing a person on a public sidewalk when the driver of the vehicle was pulling out of the driveway of a Taco Bell restaurant. (Compl. ¶¶ 4, 5.) The driver turned prematurely through a deteriorated curb on the premises of the Taco Bell restaurant located at 2509 Smithville Road. (Id. at ¶ 5.) The driver struck and killed Andy Cheng Li.

The incident allegedly occurred on the public sidewalk and not on Taco Bell's premises. (Compl. ¶ 16.) Further, the Complaint does not allege that Andy Cheng Li was on Taco Bell's premises for purposes of patronizing the Restaurant. He allegedly was on his bicycle on the public sidewalk passing by the Restaurant. Thus, the Complaint does not allege nor do the construed facts pled allege that Andy Cheng Li was a Taco Bell business invitee.

---

[2]For purposes of this Motion To Dismiss, all well-pleaded material allegations in the Complaint are taken as true and construed in a light most favorable to the Plaintiffs.

The Complaint alleges five (5) causes of action. All of the causes of action sound in negligence.

## STANDARD OF REVIEW

Taco Bell has filed its Motion To Dismiss based upon Fed. R. Civ. P. 12(b)(6). Pursuant to Rule 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief may be granted. To avoid dismissal pursuant to Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard is not like a probability requirement. *Id.* The plausibility standard seeks more than a possibility that a defendant has acted unlawfully. *Id.* Where a complaint does not permit a court to infer more than the mere possibility of misconduct, the complaint has not shown that the complainant is entitled to relief. *Id.* at 679.

When considering a 12 (b)(6) motion, all well-pleaded material allegations of the pleadings of the opposing party are taken as true. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). Also, the well-pleaded material allegations are construed in a light most favorable to the opposing party. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). However, legal conclusions are not accepted as true nor are recitations of the elements of a cause of action. *Fritz*, 592 F.3d at 722. The motion is granted only if the moving party is nevertheless clearly entitled to judgment as a matter of law. *Id.*

## ANALYSIS

Taco Bell makes two arguments for dismissal. Each will be addressed seriatim.

### Failure of the Complaint To Allege that Taco Bell Owed a Duty To Andy Cheng Li

To state a claim for negligence, a complaint must allege that the defendant owed a duty to the plaintiff. *See Lang v. Holly Mill Motel, Inc.*, 909 N.E.2d 120, 122-23 (Ohio 2009). Regarding duty, the Plaintiffs argue that the Complaint alleges that,

> Taco Bell had a duty to: (a) maintain its premises in a reasonable safe condition; (b) warn its invitees of hidden dangers or dangerous conditions that are not reasonably discoverable; (c) maintain its premises pursuant to its own policies and procedures; (d) design its curb structure to protect the ingress and egress of its invitees; (e) place sufficient warnings in the form of signage or stop bars to provide safe ingress and egress to the public; and (f) maintain its curbs in accordance with state and local law.

Thus, the Complaint alleges that Taco Bell owed a duty to its business invitees. However, nowhere does the Complaint allege that Andy Cheng Li was a business invitee of Taco Bell. Therefore, nowhere does the Complaint allege that Taco Bell owed a duty to Andy Cheng Li or to any of the named Plaintiffs. As a result, the Complaint fails to state a claim upon which relief may be granted.

### Duty To Andy Cheng Li as a Matter of Law

Taco Bell also argues that it does not owe a duty to Andy Cheng Li as a matter of law. The Plaintiffs respond that Taco Bell owes a duty to Andy Cheng Li as a matter of law.

As indicated above, to maintain a negligence action, the plaintiff must show, among other things, the existence of a duty. "A 'duty' is an obligation imposed by law on one person to act for the benefit of another person due to the relationship between them." *Stibley v. Zimmerman*, No. 97 CA 51, 1998 WL 548755 at *6 (Ohio Ct. App. Aug. 26, 1998).

"The existence of a duty in a negligence action is a question of law for the court to determine." *Mussivand v. David*, 544 N.E.2d 265, 270 (Ohio 1989).  "There is no formula for ascertaining whether a duty exists," and "any number of considerations may justify the

imposition of duty in particular circumstances….." *Id.* Based upon the circumstances pled in the

Complaint, a duty determination in this case involves whether to impose a duty on a business

owner (Taco Bell) to protect third parties (Andy Cheng Li) from negligent acts of business

invitees (the driver of the car that struck Andy Cheng Li) which acts occur outside of the

owner's property (on the public sidewalk) if the driver of the vehicle was influenced by a

defective curb on Taco Bell's premises.

To better inform its decision regarding duty, the Court first looks to statutes to determine

if a duty is imposed in the case at hand. The Court has found none and none of the Parties have

identified such a duty.

The Court next turns to the caselaw to determine if other courts have found a duty to

exist in a set of circumstances similar to those at hand. Taco Bell directs the Court to a case

where the Ohio Supreme Court found that a property owner owed no affirmative duty to protect

third parties from the negligence of business invitees. *Gelbman v. Second National Bank of*

*Warren*, 458 N.E.2d 1262 (Ohio 1984). The Plaintiffs direct the Court to a case where the Ohio

Court of Appeals found that, "a business owner had a duty to maintain a reasonable safe ingress

and egress that serves to protect not only its patrons from harm, but that also serves to protect

pedestrians and motorists crossing in front of the premises from harm." *Stibley*, 1998 WL

548755 at *8.

While both of these cases provide guidance, neither involves relevant circumstances

similar to those at hand. In *Gelbman*, there was no allegation that there was anything on the

business owner's premises that caused the negligence of the driver. In this case, there are

allegations in the Complaint that there was a deteriorated curb on the business owner's (Taco

Bell's) premises. In *Stibley*, the Ohio Court of Appeals found that a business owner, *arguendo*, breached a duty of care involving placing signs or other obstructions that block a business invitee's view of pedestrian and vehicular traffic when entering or exiting the premises. In this case, there are no allegations that the business owner (Taco Bell) placed anything that blocked the driver's sight when exiting the business owner's premises.

In this case, the allegation is that Taco Bell owed Andy Cheng Li, not a Taco Bell business invitee, a duty to maintain the curbs on Taco Bell's premises so that a Taco Bell business invitee did not injure Andy Cheng Li on a public sidewalk. However, based upon the circumstances presented in the Complaint, Taco Bell did not owe Andy Cheng Li such a duty. Andy Cheng Li was not a business invitee of Taco Bell, the alleged accident did not occur on Taco Bell's premises and there is no assertion that the driver's view was blocked by anything on Taco Bell's premises.

## Conclusion

Taco Bell's Motion To Dismiss (doc. #3) is GRANTED. The Plaintiffs have not alleged in their Complaint that Taco Bell owed a duty to Andy Cheng Li nor does Taco Bell owe a duty to Andy Cheng Li as a matter of law.

The Plaintiffs have until not later than thirty (30) days following entry of this Order to file an amended complaint, if they can, that alleges circumstances in which Taco Bell has a duty of care to Andy Cheng Li. Otherwise, the captioned cause will be terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio this 22nd  day of January, 2015.

**s/Thomas M. Rose**

_____

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record